UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MATTHEW TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-00798-TWP-MJD |
| | ) |
| DONALD TRUMP President of the United States, | ) |
| | ) |
| Defendant. | ) |

**ENTRY GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, SCREENING COMPLAINT, AND ORDER TO SHOW CAUSE**

This matter is before the Court on *pro se* Plaintiff Matthew Taylor's ("Taylor") request to proceed *in forma pauperis* (Dkt. 4), Motion for Summary Judgment (Dkt. 5), four Motions for Addition (Dkt. 12; Dkt. 13; Dkt. 14; Dkt. 15) and Motion Requesting to Proceed Immediately (Dkt. 16). For the reasons explained below, the Motion to Proceed *in forma pauperis*, and Motions for Addition are **granted**, and the Motion for Summary Judgment and Motion to Proceed Immediately are **denied**. Because Taylor is allowed to proceed *in forma pauperis*, this action is also subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.    DISCUSSION**

The Court will first rule on Taylor's request to proceed *in forma pauperis*, then address his motions to supplement and screen his Complaint, and lastly rule on his Motion Requesting to Proceed Immediately.

**A.    Filing Fee**

Taylor's motion for leave to proceed *in forma pauperis* without prepaying fees or costs (Dkt. 4) is **granted**. While *in forma pauperis* status allows a plaintiff to proceed without *pre*-payment of the filing fee, the plaintiff remains liable for the full fees. *See Robbins v. Switzer*, 104

F.3d 895, 898 (7th Cir. 1997) (*in forma pauperis* litigants remain liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees"). The Court does not have the authority to waive the filing fee, and it remains due despite Taylor's *in forma pauperis* status. *Fiorito v. Samuels*, No. 16-1064, 2016 WL 3636968, at *2 (C.D. Ill. June 30, 2016) ("[c]ourt does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 14-cv-53, 2015 WL 4773135, at *5 (E.D. Wis. Aug. 12, 2015) (same). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due currently; however, the $350.00 balance is still owed.

**B.   Screening**

    **1.   Screening Standard**

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

## 2. Taylor's Complaint

Taylor filed his fill-in-the-blank form Complaint for Violation of Civil Rights on April 28, 2025 (Dkt. 1). In the following weeks, he filed several more pleadings, four of which are titled Motion for Addition to Complaint (the "Motions for Addition") (Dkt. 12 through Dkt. 15). The Court grants the Motion for Addition and will consider these filings when screening the Complaint.

In his Complaint, Taylor checks the box for bringing suit under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Attached to the Complaint are several pages of mostly incomprehensible allegations. The Complaint names Defendant Donald Trump, the President of the United States, and states that Trump does not have Presidential Immunity for being the Central Figure in "an ILLEGAL Murder Conspiracy" and "secret plan by a group to do something unlawful or harmful." (Dkt. 1 at 8). Taylor then alleges that threats on his life were made on January 16 and 19, 2025, and the individuals from whom he formerly rented a home were paid off to provide "access" to him. *Id.* at 11.

Taylor also refers to an Indiana small claims eviction action filed by Gui White ("Mr. White"), represented by attorney James Pain ("Attorney Pain"), against Taylor, Case No. 49K01-2502-EV-000484 (the "Eviction Case"). Taylor alleges the orders issued in the Eviction Case are illegal, and because of the Eviction Case, he does not have a permanent residence. *Id.* at 19. Taylor filed a counterclaim in the Eviction Case against the property management group from which Taylor rented, and a damages hearing is set in that case for July 1, 2025. *Id.* at 18. The rest of the Complaint is a combination of digital news excerpts, social media posts, emails, and other correspondence.

The proposed supplements attached to Taylor's Motions for Addition (Dkt. 12; Dkt. 13; Dkt. 14; Dkt. 15) are similar to his Complaint. The supplements consist of vague, conclusory allegations about assassination attempts and a man named Tim Cooper (Dkt. 12), news excerpts

about United States Attorney General Bondi and a variety of foreign policy and trade policy matters (Dkt. 13-1), additional information about the Eviction Case (Dkt. 14-1), allegations about a second lawsuit Taylor filed in this Court, Case No. 1:25-cv-842-SEB-KMB, and information about an unrelated domestic matter involving a friend (Dkt. 15-1).

The Court **grants** Taylor's Motions for Addition in consideration of his *pro se* status and so that the Court can comprehensively address Taylor's allegations. However, going forward, the Court will not permit piecemeal pleadings. Instead, amended complaint would be required which completely replaces previous pleadings, so it must be a complete statement of Taylor's claims. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").

### 3. Dismissal of the Complaint

Federal courts are courts of limited jurisdiction, not general jurisdiction, and "[n]o court may decide a case without subject-matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction. If the parties neglect the subject, a court must raise jurisdictional questions itself." *United States v. County of Cook*, 167 F.3d 381, 387 (7th Cir. 1999); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also*

4

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citations and quotation marks omitted). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support").

Based on the allegations of the Complaint, this Court does not have jurisdiction to adjudicate any of its claims. The claims concerning Trump are nonsensical and frivolous. An action is "'frivolous where it lacks an arguable basis either in law or in fact.'" *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Nietzke v. Williams*, 490 U.S. 319, 325 (1989)).

Because Taylor's remaining claims appear to be tied to an Eviction Case, they are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine derives from two decisions of the United States Supreme Court: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). According to this doctrine, lower federal courts are precluded from exercising jurisdiction over claims seeking review of state court judgments or over claims "inextricably intertwined" with state court determinations. *See, e.g.*, *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). "The *Rooker-Feldman* doctrine precludes federal jurisdiction over these claims because, no matter how erroneous or

unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). Although the only listed Defendant is Trump, the repeated references to the Eviction Case, Mr. White, Attorney Pain, and Taylor's housing situation, show that this lawsuit is inextricably intertwined with the Eviction Case. The *Rooker-Feldman* doctrine therefore bars this lower federal Court from hearing Taylor's claims.

Finally, the Court cannot discern from the Complaint any claim against any other individual named in the Complaint, or the specific factual basis for any such claim. Taylor's filings are mostly incoherent, and the Court is not required to guess at his claims. Because Taylor has failed to state a claim, the Court lacks subject-matter jurisdiction.

**4. Opportunity to Show Cause**

Taylor shall have through **June 23, 2025**, by which to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an . . . applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Taylor elects to file an amended complaint, he should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8 of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendants with "fair notice" of the claim and its basis, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury Taylor claims to have suffered and what persons are responsible for each such

legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The amended complaint also should demonstrate that jurisdiction is proper in this Court. Taylor is reminded that any amended complaint will completely replace previous pleadings, so it must be a <u>complete statement of his claims</u>. *Beal*, 847 F.3d at 901.

**C.      Motion to Proceed and Motion for Summary Judgment**

In his Motion for Summary Judgment (Dkt. 5), Taylor summarily states that he should be awarded "a summary judgment due to the fact that what has been filed/submitted within the Court is irrefutable & Non-Defendable." Taylor's Motion for Summary Judgment is **denied** because it is premature. Having screened the Complaint, the Court has determined that it does not have subject-matter jurisdiction over Taylor's claims, the Defendant has not yet been served or had an opportunity to respond, and no discovery has taken place. In addition, the Motion as filed woefully fails to comply with Federal Rule of Civil Procedure 56 or the Court's Local Rule 56.

In his Motion to Proceed (Dkt. 16), Taylor asks the Court to immediately rule on his request to proceed *in forma pauperis* and enter final judgment in his favor. Taylor explains that a "very lucrative job opportunity" recently "fell apart," leaving him in a dire financial situation. *Id.* at 4. Taylor has recently obtained housing through the Volunteers of America Indiana & Ohio, but that this housing situation is not permanent. *Id.* He also believes that a final judgment should be entered in his favor, given that "Defendants have/be given an opportunity to respond" and that "things are very clear cut." *Id.* Taylor asserts that the "pending" status of this lawsuit (and his second lawsuit) are placing financial and emotional strains on him.

Taylor's request for an expedited ruling on his motion to proceed *in forma pauperis* is **denied as moot**, since the Court granted that motion in this Entry. However, the Court reiterates that it does not have authority to completely waive the filing fee and may only allow Taylor to

proceed without *pre*-payment of the fee. So although the Court has granted his request to proceed without *pre*-paying the filing fee, Taylor remains liable for the full $350.00 fee.

Taylor's request for an expedited judgment is also **denied as premature**. As explained above, this Court does not currently have subject-matter jurisdiction over Taylor's claims. Moreover, the Defendant has not yet been served or had an opportunity to respond, and no discovery has taken place. It is far too early in this litigation for the Court to proceed to final judgment. If Taylor files an amended complaint that survives screening, and if Defendant is served, then Taylor may file a dispositive motion at the appropriate time.

## I.  CONCLUSION

Having screened the Complaint, the Court finds it is subject to dismissal for lack of jurisdiction. The Court **DENIES** Taylor's Motion for Summary Judgment (Dkt. 5), **GRANTS** the Motions for Addition (Dkt. 12; Dkt. 13; Dkt. 14; Dkt. 15) and **DENIES** the Motion Requesting to Proceed Immediately (Dkt. 16). Taylor is granted leave to file an amended complaint by no later than **June 23, 2025**. If nothing is filed by that date, this action will be dismissed for the reasons set forth above.

**SO ORDERED**.

Date:  5/21/2025

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

MATTHEW TAYLOR
318 North Sherman Dr. #B
Indianapolis, IN 46201